THE CONVERSEVILLE COMPANY, APPELLANT, *v.* THE CHAMBERSBURG WOOLEN COMPANY, CYRUS W. HOLMES, JR., JUSTICE J. ELLIS AND OTHERS, RESPONDENTS, AND JOHN L. HILL, ASSIGNEE, ETC., APPELLANT.

*Factor under del credere commission — general assignment by — rights of consignors — County Court — power of, to compel assignees to account, concurrent with that of Supreme Court.*

Where goods are consigned to a firm to sell upon a *del credere* commission, and such firm makes a general assignment for the benefit of its creditors, the consignors are respectively entitled to all the proceeds of the goods so consigned which come into the hands of the assignee.

The power granted to the County Court to compel assignees to account, and to make distribution among creditors, is not exclusive, but is concurrent with that possessed by the Supreme Court.

APPEAL from an order of the Special Term, made in the accounting of defendant Hill, as general assignee of Thomas & Co.

The question presented by the appeal related to the right of consignors of goods to Thomas & Co. (to sell upon a *del credere* commission), to the proceeds of the goods in the hands of the assignee.

*Sidney S. Harris*, for the appellant.

*Asa A. Spear*, for the respondents, Holmes and Ellis.

GILBERT, J.:

The principle asserted by the order appealed from, as I understand it, is that the parties to this action, who consigned goods to Thomas & Co., to sell upon a *del credere* commission, are respectively entitled to the proceeds of the goods so consigned, which are in the hands of Mr. Hill, the assignee of Thomas & Co. That principle, I think, is unquestionably correct. Mr. Hill holds the fund in controversy as the assignee of Thomas & Co., by virtue of a general assignment, made by the latter for the benefit of their creditors. The fund is the result of collections, made by Mr. Hill as such assignee, of debts due from the purchasers of the goods so consigned, and the portion of the moneys so collected, which was paid on account of the goods consigned to Thomas & Co. by each consignor, can be readily and certainly ascertained. The parties who consigned the goods, respectively, are entitled to the proceeds of the sales of the same goods. Thomas & Co. were merely the factors of their principals — the consignors of the goods. The relation of principal and agent existed between them. For advances which were made by Thomas & Co. to the consignors, the former had a lien only; nor did the fact that, for an extra commission, they guaranteed the payment of the price for which the goods were sold, in any manner alter the title to the goods or to the proceeds thereof.

The general property in the goods always remained in the consignors; and the proceeds of the sales thereof, so long as they can be traced and identified, also belong to them. Unsold goods, and the proceeds of sales were, however, subject to the lien of the factor for advances and commissions. (See Hare & Wallace, Am. Lea. Ca., 802, where this subject is discusussed, and the authori-

ties are collated; *Francklyn* v. *Sprague,* 10 Hun, 589.)   It is not necessary to discuss the question whether the fiduciary character of an agent attached to Thomas & Co.   I think it did.   But the question here is, whether the goods mentioned were their property, or the property of the consignors.   It seems to me to be too plain for argument, that a simple consignment of goods by a consignor to a factor for sale for the account of the consignor, upon a *del credere,* or any other kind of commission, cannot operate to divest the consignor of the title of his goods.   On the contrary, while the goods are in the possession of the factor, he is the bailee of his principal, and the consignor may revoke the authority of the factor at any time, and reclaim the goods consigned to him which remain unsold, upon payment of the factor's unpaid advances and commissions.   The primary engagement and duty of the factor is to sell the goods and render an account.

The factor's contract of guaranty is a cumulative security to his principal, and I cannot see that it works any other change in the legal relations between them.

Without pursuing the subject further, the position of the general creditors of Thomas & Co. on this point ought not to be sustained.   The property in the proceeds follows that in the goods. The assignee stands in the shoes of his assignors, and certainly is entitled to no greater or different interest in such proceeds.

It is claimed, on behalf of the plaintiffs, that Thomas & Co., from time to time, unlawfully appropriated moneys which were the proceeds of the plaintiffs' goods, in making advances to other consignors of goods to Thomas & Co., and that the plaintiffs are entitled to have such moneys refunded out of moneys belonging to said other consignors in the hands of the assignee.

I do not perceive how that claim can be sustained.   The plaintiffs may have an action for money had and received against the persons who received from Thomas & Co. moneys which belonged to them, but no facts have been stated which would warrant the court in declaring that a lien on the goods of such persons, or on the proceeds thereof, exists in favor of the plaintiffs.   The plaintiffs must first establish their debts against such persons respectively, and then exhaust their legal remedies for the recovery of them.   After that has been done, they may acquire such a lien.

The power granted by statute to the County Court to order assignees to account and to make distribution among creditors, is not exclusive, but concurrent only. If the Legislature were competent to take away any part of the general jurisdiction of the Supreme Court, they have not attempted to do so in this instance.

The order should be affirmed, without costs.

DYKMAN, J., concurred in the result.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Order affirmed, without costs.